IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN ISABELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-981-GPM |
| ) | |
| LISA J. HOLLINGSWORTH, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Stephen Isabell, formerly an inmate in U.S.P.-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent. Thus, the motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Isabell is not entitled to relief, and the petition must be dismissed.

In this action, Isabell challenges a disciplinary proceeding that occurred in August 2009, while he was residing in Monica House (a halfway house) in Detroit, Michigan. The incident in

question occurred on August 1, 2009, and the hearing was held on August 4.  Isabell waived his right to appear at the hearing; he was found guilty of insolence and punished with a disciplinary transfer.[1]  Shortly after the hearing, Isabell was transferred to Marion.  After his arrival at Marion, Isabell inquired about his release date.  He was provided with a Sentence Monitoring Report dated October 23, 2009 (*see* Doc. 1-1, p. 9), which shows that at some point between August 12, 2008, and August 11, 2009, he lost 13 days of good conduct credit.  Isabel asserts that this time was revoked unfairly at the August 4, 2009, hearing, even though the records from that incident (also attached to his complaint) make no mention of any revocation of good conduct credit.

Instead of filing a formal grievance through the prison administrative process, Isabell filed this federal lawsuit on November 24, 2009, seeking immediate restoration of those 13 days of good conduct credit so that he could be released on December 1, 2009.[2]  Nothing in the record indicates exactly when Isabell was released from custody.  However, on April 22, 2010, the Clerk of Court received a change of address notification from Isabell, showing that he is now living in Detroit, Michigan (Doc. 4).

Under 18 U.S.C. § 4161, a federal prisoner has the right to have his sentence reduced for good conduct in prison.  This right is a protected liberty interest, and any deprivation must comport with due process requirements. *Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994).  A habeas action pursuant to 28 U.S.C. § 2241 is available to raise due process claims based on the

---

[1] Nothing in the record before the Court suggests that Isabell filed any type of administrative appeal as allowed in the Bureau of Prisons policies.  *See* 28 C.F.R. § 542.10, *et seq*.  Even if this action were not moot for other reasons, this Court would not have jurisdiction to consider his claims, as it is clear that Isabell failed to exhaust his administrative remedies.

[2] According to the Sentence Monitoring Report, taking into account the 13 days of lost good credit time, his projected release date was December 14, 2009.  That report also states that his full-term sentence expired on February 11, 2010.

forfeiture of good time credits.  *Id.*

To succeed on his Fifth Amendment claim, Isabell must show that the government failed to provide certain minimal procedural safeguards in connection with his prison disciplinary proceedings.  In order to satisfy these requirements, the government must demonstrate that petitioner was given:  "'(1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'"  *McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999), *quoting Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).  In this case, Isabell claims that he was not provided with any written statement of the evidence relied upon and the reasons for the punishment.  The Court does not understand this assertion, as the exhibits attached to the complaint regarding the incident clearly summarize the evidence relied upon and the basis for the decision.

Moreover, the sole relief Isabell seeks is restoration of 13 days of good conduct credit.  He has now been released from custody, and thus the Court cannot provide the requested relief.  In short, this action is now moot.  *See, e.g., Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997) (if petitioner is suffering no adverse consequences from issues raised in petition, then habeas petition is moot); *D.S.A. v. Circuit Court Branch 1*, 942 F2d 1143, 1146 (7th Cir. 1991) (same).  This habeas action does not survive review under Rule 4 and, accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED:  06/04/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge